UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-10010-RGS

WILLIAM REMINGTON and MUSAN DURAKOVIC,
on behalf of themselves and others similarly situated

v.

J.B. HUNT TRANSPORT, INC.

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

February 5, 2015

Stearns, D.J.

Plaintiffs – owner operator truck drivers for defendant J.B. Hunt Transport, Inc., a provider of freight and package delivery services – allege that they were misclassified under the Massachusetts Independent Contractor Law (Mass. Gen. Laws ch. 149, § 148B[1]) (Count I). Plaintiffs

---

[1] Under section 148B, a worker is properly classified as an independent contractor if the employer can show that

> (1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
>
> (2) the service is performed outside the usual course of the business of the employer; and,
>
> (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

also allege that they were underpaid in violation of the Massachusetts Wage Law (Mass. Gen. Laws ch. 149, §§ 148, 150) (Count II) and that J.B. Hunt was unjustly enriched (Count III) as a result of the alleged misclassification. J.B. Hunt contends that the Massachusetts Independent Contractor Law, as applied to motor carriers like itself, is preempted by the Federal Aviation Administration Authorization Act (FAAAA).

The FAAAA explicitly preempts state laws "related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c) (1). In its recent decision of *Massachusetts Delivery Ass'n v. Coakley*, 769 F.3d 11 (1st Cir. 2014), the First Circuit squarely held that because "[s]ection 148B governs the classification of the couriers for delivery services[,] [i]t potentially impacts the services the delivery company provides, the prices charged for the delivery of property, and the routes taken during this delivery. The law clearly concerns a motor carrier's 'transportation of property.'" *Id.* at 23.

The First Circuit did not decide whether the second prong of section 148B actually "related to a price, route, or service of [a] motor carrier" because the district court in that case did not rely on this prong in its decision. *Id.* at 22. However, the First Circuit emphasized that "a statute's 'potential' impact on carriers' prices, routes, and services can be sufficient if

2

it is significant, rather than tenuous, remote, or peripheral." *Id.* at 21. Empirical evidence in this regard is not necessary, and "courts [may] look[] to the logical effect that a particular scheme has on the delivery of services or the setting of rates." *Id.* Such "logical effect can be sufficient even if indirect." *Id.*

Looking to such logical (if indirect) effects, the application of section 148B to J.B. Hunt and other similar motor carriers would unquestionably have an impact on "price, route[s], [and] services" by in effect proscribing the carrier's preferred business model. As another court observed,

> [e]limination of independent contractors, as defined by common law or statutes in neighboring states, triggers a number of other labor laws, such as to make this law more than simply a wage law. It becomes an outline of how a business must be structured, an overhaul of any motor carrier business model attempting to meet customer demand through flexible design. As here, a complete overhaul of a motor carrier's business model is disruptive to the carriage itself and falls within the scope of conduct the FAAAA intended to prevent. Compliance with Massachusetts's independent contractor law fundamentally alters the essence of [defendant]'s business model that relies on independent contractors who can make on-demand deliveries required by market forces and modern customer demand.

*Sanchez v. Lasership, Inc.*, 937 F. Supp. 2d 730, 743 (E.D. Va. 2013).

Plaintiffs do not seriously contend that the second prong of section 148B is not preempted. Rather, they contend that they could still prevail under either the first or third prong. However, as J.B. Hunt points out, the

3

preempted prong is not severable from the statute as a whole. Under Massachusetts law, severability is determined by looking to legislative intent.

> "Where a statutory provision is unconstitutional, if it is in its nature separable from the other parts of the statute, so that they may well stand independently of it, and if there is no such connection between the valid and the invalid parts that the [legislative body] would not be expected to enact the valid part without the other, the statute will be held good, except in that part which is in conflict with the Constitution." *Mayor of Boston v. Treasurer & Receiver Gen.*, 384 Mass. 718, 429 [] (1981) (citation omitted). On the other hand, "[i]f the court is unable to know whether the Legislature would have enacted a particular bill without the unconstitutional provision, it will not sever the unconstitutional provision, but will strike the entire statute." *Id.*

*Ackerley Commc'ns of Massachusetts, Inc. v. City of Cambridge*, 135 F.3d 210, 215 (1st Cir. 1998). Here, section 148B is a conjunctive test – that is, an employer must meet its burden as to each prong to properly classify a worker as an independent contractor. The court has no way of knowing whether the Legislature (had it had at the time the statute was enacted the benefit of the *MDA* decision) would have chosen to rewrite the statute less restrictively to consist of only the first and third prongs. Thus, the entire statute must be treated as preempted.

Moreover, enforcing prongs one and three of section 148B against motor carriers would end the same – the "price, route[s], [and] services"

4

offered by motor carriers would be impacted by forbidding the preferred business model.  This is the result the FAAAA's preemption provision is meant to prevent, that is to say, "the regulatory authority retained by the states [is] not 'to be used as a guise for continued economic regulation as it relates to prices, routes or services.'"  *United Parcel Serv., Inc. v. Flores-Galarza*, 318 F.3d 323, 337 (1st Cir. 2003), quoting H.R. Conf. Rep. No. 103-677 at 84 (1994).

Because the FAAAA preempts section 148B as applied to motor carriers like J.B. Hunt, Count I will be dismissed.  Because Counts II and III are premised on liability under Count I, they will also be dismissed.

### ORDER

For the foregoing reasons, J.B. Hunt's motion to dismiss is <u>ALLOWED</u> with prejudice.  The Clerk will close the case.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE