UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM REMINGTON and MUSAN DURAKOVIC, on behalf of themselves and others similar situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC.,<br><br>　　　　　　DEFENDANT. | CIVIL ACTION NO. 1:15-cv-10010 |
| ABE SILFANI, on behalf of himself and others similar situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC.,<br><br>　　　　　　DEFENDANT. | CIVIL ACTION NO. 1:15-cv-13019 |

**STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

　　This matter comes before the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the entry of a Protective Order governing the disclosure of confidential information by Defendant J.B. Hunt Transport, Inc. ("Defendant") and Plaintiffs William Remington, Musan Durakovic and Abe Silfani (collectively, "Plaintiffs") (each a "Disclosing Party" and collectively, the "Disclosing Parties") during this lawsuit. The Disclosing Parties

have agreed, as set forth in this Stipulated Confidentiality Agreement and Protective Order, to treat certain information as "Confidential" and subject to the protections afforded herein.  As such, the Parties hereby stipulate and request that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26 (as amended), as follows:

    1.    <u>Definition of "Documents or Information."</u>

The term "documents or information" shall be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure, as amended.

    2.    <u>Designation and Use of Confidential Material</u>.

A Disclosing Party may designate as "Confidential" any documents or information produced in response to discovery requests or subpoenas which, in good faith, such Disclosing Party deems confidential, including without limitation, any documents or information (a) concerning any current or former employee or independent contractor of Defendant, including without limitation documents containing compensation-related information, health or medical-related information, social security numbers, home addresses, or home telephone numbers, (b) concerning any current, former, or prospective customer or business partner of Defendant, (c) concerning financial or business information of a Disclosing Party, (d) concerning proprietary, confidential or trade secret information of a third party, or other information that a Disclosing Party is bound to keep confidential by agreement with a third party, (e) concerning Plaintiffs' compensation-related information, health or medical-related information, information relating to tax filings, social security numbers, home addresses, or home telephone numbers, or (f) concerning any other personal, sensitive, proprietary, confidential or trade secret information of a Disclosing Party.  Such designation shall be made by stamping or otherwise affixing a label or

sticker stating "CONFIDENTIAL" to the documents or information so designated at the time of their production.

Documents previously produced may be retroactively designated, by a Disclosing Party producing the document or by another Disclosing Party, by notice in writing identifying each such document Bates number within a reasonable time before trial. Documents produced without designation or with improper designation may be retroactively designated in the same manner, within a reasonable time before trial and shall be treated as confidential from the date written notice of the designation is provided to the Receiving Party. In the event of any change in designation pursuant to this paragraph, the party making the change shall promptly provide substitute copies of all documents as to which confidential status is claimed, with the replacement documents to bear a stamp, label, or sticker identifying the document as Confidential. Thereafter, the original, incorrectly designated documents (and all copies thereof) shall be promptly destroyed or returned to the designating party, with confirmation in writing upon request.

Information disclosed or discussed in a deposition may be designated as "Confidential" by any Disclosing Party by so indicating on the record at the time of the deposition or, within thirty (30) days after receipt by the Disclosing Party of the applicable deposition transcript, by notifying counsel for the other Disclosing Party in writing as to which portions of the deposition transcript contain "Confidential" information.

All documents or information marked or designated "Confidential" in accordance with this Protective Order shall be used solely for the purpose of conducting the above-captioned proceeding (the "Proceeding"), and not for, or in connection with, any other cases or disputes or for any other purpose. A recipient of any "Confidential" documents or information shall not

disclose to anyone not specified in Paragraph 3 of this Protective Order any "Confidential" documents or information without the prior written consent of the Disclosing Party who produced such documents or information.  Nothing contained in this Protective Order shall affect the right of a Disclosing Party to use or disclose materials that such Disclosing Party has produced and designated "Confidential" as such Disclosing Party sees fit; however, if a Disclosing Party uses or discloses the documents in a manner inconsistent with the designation of the documents as Confidential, and such use or disclosure is not inadvertent or unintentional, and is left uncorrected upon discovery of such use or disclosure, the documents will not be deemed Confidential for purposes of this Protective Order.  All "Confidential" documents or information obtained by any person shall be maintained carefully so as to preclude access by persons who are not entitled to receive such documents or information.

      3.      <u>Disclosure of "Confidential" Documents or Information</u>.

Other than at trial, a deposition related to this Proceeding, or a hearing or conference regarding any motion in this Proceeding, documents or information marked or designated as "Confidential" may not be disclosed or made available by a recipient of such documents or information to any person other than:

      (a)      William Remington, Musan Durakovic and/or Abe Silfani;

      (b)      current or former employees of Defendant, whose assistance is needed in the prosecution or defense of this Proceeding;

      (c)      the in-house legal counsel of Defendant, and the clerical, paralegal, and secretarial staff of such in-house legal counsel;

      (d)      the counsel of record of any Disclosing Party, and the clerical, paralegal, and secretarial staff of such counsel;

(e)   individuals whom any party to this Proceeding intends to call as witnesses at trial, provided that such party reasonably believes that the witness has information concerning the documents or information;

(f)   outside experts or consultants who are engaged expressly for the purpose of assisting in the Proceeding, as well as commercial copy services, data entry and computer support organizations hired by and assisting outside counsel for a Disclosing Party; and

(g)   the Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors.

Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or court order, further, greater or lesser protection with respect to the use of any "Confidential" materials in connection with this Proceeding.

4.   Signing of Declaration of Confidentiality.

Each person to whom disclosure is made pursuant to Paragraphs 3(e) or 3(f) shall be given a copy of this Protective Order and shall sign a declaration, a copy of which is attached hereto as Exhibit A, prior to receipt of any "Confidential" documents or information.  Such declaration shall state that the receiving party agrees that he or she is bound by the terms of this Protective Order.  Nothing contained herein shall limit the duty or obligation of a party to produce documents in a timely manner pursuant to the Federal Rules of Civil Procedure or pursuant to any agreed extension by the opposing party's counsel of record.  Each person to whom the documents are exhibited and/or the information contained therein is disclosed hereby submits himself or herself to the jurisdiction of this Court over his or her person, wherever he or she shall be, for the enforcement of this Protective Order.

5. <u>Return of Documents or Information</u>.

At the conclusion of the Proceeding, all documents or information covered by this Protective Order, and all copies of same, and all documents or portions thereof containing information derived from documents or information covered by this Protective Order, shall be returned by the receiving party or person to counsel for the Disclosing Party, or shall be destroyed, and, if requested by the Disclosing Party, counsel of record for the Receiving Party shall certify in writing within thirty (30) days of the conclusion of the Proceeding that such material has been returned or destroyed.  This paragraph shall not apply to such documents that are exempted from this paragraph by an agreement and stipulation signed by the Disclosing Party or its counsel of record.

6. <u>Disputes Regarding Designation of Material</u>.

Where disputes arise as to the protected nature of any information or documents, such disputes shall be resolved, if possible, by agreement by and among the Disclosing Parties.  If an agreement cannot be reached within thirty (30) days from a Disclosing Party's receipt of a written request from the Receiving Party that certain documents or information not be designated as "Confidential," the Disclosing Party may serve an appropriate motion, pursuant to the Local Rules, requesting that certain information be designated "Confidential."

7. <u>Protective Order Does Not Affect Right To Assert Privilege</u>.

Nothing in this Protective Order shall affect any matter of attorney-client privilege, work product immunity, or any other privilege or immunity, which matters shall be governed by the applicable law of privilege or immunity.  To the extent, however, that documents claimed to be protected from discovery on the grounds of such privilege or immunity are held by this Court not

to be so protected, the terms of this Protective Order shall govern any "Confidential" information contained in such documents.

8.   **Further Protective Orders.**

Nothing in this Protective Order shall affect any party's right to seek further protective orders under Rule 26(c).

9.   **Contempt Proceedings.**

The provisions of this Protective Order may be enforced like any other court order, including, where appropriate, by contempt proceedings.

10.   **Impoundment Proceedings.**

If material designated "Confidential" is filed with this Court, it shall be filed in accordance with applicable local rules.

11.   **Full Force and Effect.**

This Order, until it is entered by the Court, and even if it is never entered by the Court, shall be deemed to be an enforceable agreement between the Parties.

ENTER:

Dated: 11-4-16.          /Richard J. Stearns/

Agreed and respectfully submitted:

WILLIAM REMINGTON AND MUSAN DURAKOVIC, on behalf of themselves and others similarly situated,

By their attorneys,

/s/ Hillary Schwab
Hillary Schwab, BBO #666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111

(617) 607-3261
Fax:  (617) 488-2261
Email:  hillary@fairworklaw.com

Maura A. Greene, BBO No. 547204
LAW OFFICE OF MAURA GREENE LLC
One International Place
Boston, MA 02110
Tel.     (617) 936 – 1580
Email:  maura@mauragreenelaw.com

J.B. HUNT TRANSPORT, INC.,

By its attorneys,

/s/ Stephen T. Melnick_____
David Casey (BBO No. 077260)
Stephen T. Melnick (BBO No. 667323)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000 (t)
(617) 737-0052 (f)
dcasey@littler.com
smelnick@littler.com

DATED:  November 4, 2016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM REMINGTON and MUSAN DURAKOVIC, on behalf of themselves and others similar situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC.,<br>　　　　　DEFENDANT. | CIVIL ACTION NO. 1:15-cv-10010 |
| ABE SILFANI, on behalf of himself and others similar situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC.,<br>　　　　　DEFENDANT. | CIVIL ACTION NO. 1:15-cv-13019 |

**DECLARATION AND AGREEMENT TO BE BOUND BY THE**
**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

　　　1.　　My name is _____.

I live at _____.

9

I am employed as _____ (state position) by

_____ (state name and address of employer).

    2.      I am aware that a Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") has been entered in the above case by the Court, and a copy thereof has been given to me.  I have read and understand the terms of the Protective Order.  I agree to be bound by the terms of the Protective Order.

    3.      I promise that the documents and information designated as "Confidential" pursuant to the Protective Order in this case will be used by me only in connection with the litigation of the above captioned matter.

    4.      I understand that any use or disclosure of information obtained by me from material marked "Confidential" in any manner contrary to the provisions of the Protective Order will subject me to sanctions for contempt by this Court.

    5.      I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Protective Order.

_____
(Signature of Declarant)